THE SCREWMEN'S BENEVOLENT ASSOCIATION v. THOMAS BENSON.

No. 2798.

1. **Mandamus.**—The writ of mandamus is the appropriate remedy to restore a member of an incorporated society to his rights and privileges in the association when they have been wrongfully denied him.

2. **Same.**—The writ of mandamus will not issue in behalf of a party who has some other adequate statutory or common law remedy.

3. **By-Laws—Expulsion.**—By uniting with a society which is not organized principally for commercial gain a member accepts its constitution and must abide the decision of such tribunals as that instrument may provide to settle disputes among the members. The judgment of such tribunal, when organized under the constitution and lawfully exercised, though it expels a member, is no more subject to collateral attack for mere error than is the judgment of a court of law.

4. **Same.**—If, however, such tribunal acts illegally, or if it declare sentence of expulsion for some offense to which that penalty does not apply under its constitution and by-laws, and no right of appeal within the association is provided for the redress of the wrong, the courts will review the proceedings, and if justice require, restore the member to his privileges. A mandamus, however, can not issue to afford relief even against an expulsion if by the laws of the association an appeal be allowed, until that remedy is exhausted.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*Hume & Kleberg*, for appellant.— 1. The petition showing that plaintiff was from the first a member of the association, was charged with and duly tried for violating its specific rules, adjudged guilty, recommended for expulsion and duly expelled, and having the right to appeal did not exercise it, his action is a collateral attack upon the unreversed and unappealed from (and therefore final) judgment of a competent tribunal having jurisdiction of the subject matter and the parties, and the court could not lawfully take cognizance of said action, nor administer relief in pursuance thereof. Manning v. San Antonio Club, 63 Texas, 166;

German Ref. Church v. Commonwealth, 3 Barr, 282; People v. Ger. U. Evang. Church, 53 N. Y., 103; High on Ex. Legal Rem., sec. 292; Society v. Commonwealth, 52 Pa. St., 125; People v. Board of Trade, 45 Ill., 112; 80 Ill., 134; State v. Chamber of Commerce, 47 Wis., 670; Boone on Corp., sec. 335; Oley v. Brown, 51 How. Prac., 92; Leach v. Harris, 2 Brews., 571.

2. The plaintiff having alleged and testified that he had been duly charged with the violation of specific by-laws and rules of the association, and being notified thereof appeared, pleaded, was tried, convicted, and expelled in due course, and having the right to appeal failed to avail of it, the finding against him was conclusive against collateral attack in the District Court; and the court erred in permitting him to testify, over defendant's objections, to matters and things tending to show irregularities in the acts and to impute wrong to the motives of the board of trustees and of defendant in considering and disposing of said charges.

*L. E. Trezevant,* for appellee.—1. The court did not err in refusing defendant's prayer that so much of plaintiff's petition as seeks a remedy by mandamus be adjudged insufficient in law and striken out, because if plaintiff was illegally and unjustly expelled he is entitled to be reinstated, and if, as he alleges, he has suffered loss and damage as the proximate consequence of such wrongful expulsion, he is entitled to be compensated therefor in this action.

2. The rule is well established that where membership in a corporation entitles a member to receive money or aid under certain circumstances and involves property rights, or where an expulsion would injure the expelled member in his business, and he has been wrongfully expelled, the courts will take cognizance of and review the proceedings and may reinstate the expelled member.   Manning v. San Antonio Club, 63 Texas, 166; High on Ex. Legal Rem., secs. 294, 295, 297, 298, 304, 481, and cases cited; 1 Mora. on Priv. Corp., sec. 277, and cases cited; 10 Am. and Eng. Corp. Cases, 26, and notes; 1 Am. and Eng. Corp. Cases, 180, and cases cited; Med. Soc. v. Weathersby, 75 Ala., 248; Otto v. Journeymen Tailors, 75 Cal., 308; Commonwealth v. St. Pat. Soc., 2 Binn., 441; Wash. Ben. Soc. v. Bather, 20 Pa. St., 425; The State v. Carteret Club, 40 N. J. Law, 295; Cotton Ex. v. The State, 54 Ga., 668.

3. Power to expel a member is delegated by the articles of this association to a board of five trustees, whose decision shall be final without further action on the part of the association unless an appeal be taken. Such a power can not be delegated to a select body of a corporation. Less than the whole can not act.   1 Am. and Eng. Encyc. of Law, 335; Ewell's Evans on Agency, 44; Ballard v. Davis, 31 Miss., 525; Med. Soc. v. Weathersby, 75 Ala., 248; The State v. Cham. of Com., 47 Wis., 670;

The State v. Cham. of Com., 20 Wis., 68; Green v. Af. Meth. Church,. 1 Serg. & R., 254.

GAINES, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant, alleging that it is a corporation organized under the laws of the State for charitable purposes, and that he was a member of the body and had been unlawfully expelled. He prayed that he have a writ of mandamus restoring him to membership, and for a judgment for damages. alleged to have resulted from his exclusion. The petition avers that by the laws of the corporation the power of trying and expelling members. is lodged with a committee of five corporators known as the board of trustees, and that he was expelled by the action of that board. The grounds upon which the sentence was alleged to be illegal were that no evidence was introduced upon the trial; that the offense with which, plaintiff was charged was one for which that penalty could not be enforced, and the report of the board which contained the order of expulsion was the act of but three of the five members, and that one of the three was not present at the trial. The petition also contains the following additional averments: "That article 10 of the constitution of the association provides that the board of trustees of said association shall have power to try and adjudicate all charges against any member when the charges involve suspension or expulsion, and their decision shall invariably be final, without any further action on part of the association,. unless an appeal be taken, which appeal must be made by the member in person against whom the charges are pending. In cases of appeal a two-thirds vote of all the members present shall be necessary to overrule the decision of the board, and all members present shall be required to vote. on this question."

There was an exception to the petition based specifically upon the grounds that the petition did not show that plaintiff had ever appealed from the finding of the board of trustees, or that he had in any manner been deprived of that privilege. The exception was overruled, and the ruling is assigned as error.

In Manning v. San Antonio Club, 63 Texas, 166, the writ of mandamus is recognized as the appropriate remedy by which to restore a. member of an incorporated society to his rights and privileges in the association. Cases may be found which do not accord with this doctrine,. but we think it is supported by the great weight of authority. Medical. Society v. Weathersby, 75 Ala., 248; Otto v. Tailor's Association, 75 Cal.,. 308; Savannah Cotton Ex. v. Warfield, 54 Ga., 668; The Society, etc.,. v. Commonwealth, 52 Pa. St., 125; The State v. Lipa, 28 Ohio St., 665; Commonwealth v. St. Patrick Society, 2 Binn., 441; Sibley v. Carteret Club, 44 N. J. Law, 295; Green v. African, etc., Society, 2 Serg. & R., 254.

But the writ of mandamus is a remedy of the last resort. It is universally held that if a party has an adequate common law or statutory remedy he can not resort to this writ, and the rule has been repeatedly announced in this court. Land Commissioner v. Bell, Dallam, 366; Cullem v. Latimer, 4 Texas, 329; Arberry v. Beavers, 6 Texas, 457; Ewing v. Cohen, 63 Texas, 482.

A member of a voluntary association is bound by a sentence of expulsion against him lawfully rendered by a tribunal created in pursuance of its constitution and clothed with that power. The rule also applies at least to such incorporated societies as are not organized principally for commercial gain. By uniting with the society the member assents to and accepts the constitution and impliedly binds himself to abide by the decision of such boards as that instrument may provide for the determination of disputes arising within the association. The decisions of these tribunals, when organized under the constitution and lawfully exercising their powers, though they involve the expulsion of a member, are no more subject to collateral attack for mere error than are the judgments of a court of law. But if the tribunal act illegally—if it declare a sentence of expulsion for an offense for which that penalty is not provided by the constitution and laws of the association, and if there be no right of appeal within the association reserved for the redress of the injury, the courts will review the proceedings, and if found illegal will treat them as null, and restore the member to his privileges as such. But if there be a right of appeal, should a mandamus be awarded before that remedy has been exhausted? We think not. It seems to us that the rule that this extraordinary remedy will not lie when another adequate remedy exists applies with peculiar force to this class of cases. Members of such associations, having voluntarily constituted tribunals to adjust their differences, should not be permitted to resort to the courts of justice to set aside the illegal awards of such tribunals as long as there is another body which has power to reverse the sentence and which has not been appealed to. The presumption is that if plaintiff had appeared before the association at a proper meeting and had taken an appeal from the sentence of the board of trustees, the sentence, if illegal, would have been set aside. At all events, if refused, it would have been soon enough for plaintiff to have appealed to this court for restitution through a writ of mandamus. If his expulsion was illegal, and if the association had refused upon appeal to set it aside, it may be that this court would have granted redress.

We think it matters not that the order of expulsion may have been contrary to law and void, and such as' this court would not hesitate to annul in case there was no appeal within the association. The point is that it was the action of the tribunal created in accordance with the constitution, and the appellee had an adequate remedy by appeal within the society itself. The doctrine is expressly announced and applied in the

case of the German Church v. The Commonwealth, 3 Barr, 282. See also White v. Bramell, 2 Daly, 329, and Olery v. Brown, 51 How. Pr., 92.

The exception to so much of the petition as sought a mandamus on the ground that the plaintiff did not show that he had exhausted his remedies in the association should have been sustained. The other questions presented are not likely to arise upon a future disposition of the case and need not be considered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 14, 1890.