SUPREME LODGE OF THE PATHFINDER ET AL. v. EMMA JOHNSON.

Decided June 22, 1907.

**Beneficiary Certificate—Forfeiture.**

The laws of a benefit society provided that a failure to pay the monthly dues and assessments to the local lodge or its collector within the time provided by the constitution should operate as a suspension of the member without notice. The proper amount of dues and assessments was sent in proper time by the beneficiary to one who had been the collector of the society, but who had ceased to be such at the time of the remittance. The money was never received by the lodge or its duly authorized collector. Held, the remittance by the beneficiary was not a payment to the society, and was not sufficient to prevent the suspension of the member.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*Smelser & Vaughan,* for appellant.—The court erred in overruling the defendants' general demurrer to plaintiff's petition, because said

petition fails to show any right on the part of plaintiff to maintain this suit against defendants, she being the wife of Chas. L. Johnson, and the beneficiary named in the beneficiary certificate issued to him by defendants, and bringing this suit in that capacity to compel the defendants to restore said Chas. L. Johnson to membership in said orders, and to permit her to pay his dues, the said Johnson long since having ceased to pay same. Byrne v. Casey, 70 Texas, 247; 3 Rose's Texas Notes, p. 951; Supreme Council, etc., v. Gehrenbeck, 124 Cal., 43; Hoeft v. Supreme Lodge, etc., 113 Cal., 91, 33 L. R. A., 174; Hellenberg v. District No. 1, 94 N. Y., 580; Golden Star v. Martin, 35 Atl. Rep., 908; Masonic Assn. v. Bunch, 109 Mo., 560.

*Todd & Hurley,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The appellee, Mrs. Emma Johnson, as plaintiff, brought this suit against the appellants, The Supreme Lodge of the Pathfinder and Alamo Lodge No. 3, of the Pathfinder, as defendants, in the District Court of Bowie County, Texas, on the 26th day of March, 1906. It is a suit by Mrs. Emma Johnson, the wife of Charles L. Johnson, as beneficiary in a certificate issued by appellants to Charles L. Johnson, to compel appellants to restore the said Charles L. Johnson to membership ·in the order of the Pathfinder from which it is alleged said Charles L. Johnson was wrongfully suspended by the appellants. There was a trial before the court without a jury, on October 26, 1906, which resulted in a judgment in favor of the appellee and against the appellants, commanding appellants to reinstate into full membership in the said order of the Pathfinder the husband of the plaintiff, to wit, Charles L. Johnson, and to set aside the suspension of said Charles L. Johnson, and to restore, recognize and establish in full validity the beneficiary certificate upon the life of the said Charles L. Johnson in favor of the plaintiff, Mrs. Emma Johnson, upon the payment by the plaintiff to said Alamo Lodge No. 3, of the Pathfinder, or the collector thereof, of all assignments, fees and dues lawfully due upon said certificate from the 1st day of April, 1906, up to and including the month of November, 1906, aggregating the sum of $26, which the said defendants are required and commanded to receive and ac-·cept and issue proper receipt therefor to the plaintiff. The defendants excepted to said judgment and prosecute this appeal.

On the 31st day of December, 1900, Charles L. Johnson became a member of Alamo Lodge No. 3, of the Pathfinder, located at Texarkana, Texas, in accordance with the laws and regulations of the order. There was issued to him by the Supreme Lodge of the Pathfinder in accordance with the laws of the order a certain beneficiary certificate in the sum of $2000 on his life, which certificate named appellee, Mrs. Emma Johnson, wife of Charles L. Johnson, as beneficiary therein. Charles L. Johnson disappeared in 1902, since which time neither the local lodge at Texarkana, nor Mrs. Emma Johnson has received any knowledge of his whereabouts. His dues and assessments were regularly paid by Mrs. Johnson to the collector of Alamo Lodge No. 3, at Texarkana, up to the first of January, 1906. The

dues and assessments by the laws of the order become due on the 15th day of each month and are payable in advance before the last day of the month, either monthly, quarterly or yearly, without notice, and a failure to make the monthly payments of the dues and assessments by the terms of the constitution and laws of the order operates as a suspension of the member without notice. The laws provide that a suspended member, if in good health, can be reinstated on or before the 10th day of the current month by paying the subordinate lodge the dues for that month and all arrearages "provided the supreme secretary or medical director may require of such member a certificate of health, or that such member be reexamined before being reinstated."

The amount of assessments and dues which Charles L. Johnson, under the laws of the order, became obligated to pay was $3.25 per month. On the 23d day of December, 1905, the appellee, Mrs. Emma Johnson, purchased from Sabine Valley Bank of Many, Louisiana, where she resides, a draft or bank exchange for $9.75 on the First National Bank of Shreveport, Louisiana, and enclosed the same in an envelope directed to R. F. Akridge, Texarkana, Texas, in payment of the dues and assessments of Charles L. Johnson to Alamo Lodge No. 3, for the months of January, February and March, 1906, and wrote him a letter, also enclosed in the same envelope, directing him to so apply said money. R. F. Akridge, who had been the collector for said local lodge No. 3, on the 12th day of December, 1905, ceased to be collector for said lodge and Paul Reverra became its collector. The evidence is conflicting as to whether or not said exchange was ever received by R. F. Akridge, but the evidence shows that neither the lodge nor Reverra, its collector, received the same, and on the 1st day of January, 1906, Charles L. Johnson, under the laws of the order, stood suspended. The exchange has never been presented to or been paid by the Shreveport bank, upon which it was drawn. The suit is brought on the theory, and the petition alleges, that all dues and assessments payable under the certificate to Alamo Lodge No. 3 were in fact paid, and that Charles L. Johnson was wrongfully and unlawfully suspended from membership in the order. As stated, the dues and assessments were payable in advance and the dues and assessments for the month of January, 1906, were required by the laws of the order to be paid before the last day of December, 1905, to the collector of the lodge, and on failure to do so Charles L. Johnson stood suspended. On becoming a member of the order Johnson agreed to comply with this law. Screwmen's Benevolent Assn. v. Benson, 76 Texas, 555. Unless his dues and assessments were paid to the local lodge or its collector before the last day of December, 1905, it can not be said that the suspension of Charles L. Johnson was unlawful. The fact that Mrs. Johnson, the beneficiary, sent bank exchange to R. F. Akridge, the former collector, sufficient in amount to pay the dues does not show payment to the lodge. Akridge was not the collector of the lodge, having ceased to be the collector on December 12, and the laws required payment to be made to the collector of the lodge. Payment made to one not the collector will not prevent a suspension, unless he pays the same over

to the lodge within the time stipulated by the laws of the order. R. F. Akridge denied receiving the exchange, and there is evidence to the effect that he bears a good reputation.

The appellant has assigned as error the action of the court in rendering judgment for plaintiff. We are of the opinion that this assignment must be sustained. The judgment is reversed and judgment here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.