Fine G. Bedford and Armstrong, Cranford, Barker & Bedford, all of Galveston, for appellant.

Harold M. Oster and Edward W. Watson, both of Galveston, for appellee.

## INTERNATIONAL LONGSHOREMEN'S ASS'N, LOCAL NO. 329, v. WILLIAMS.

### No. 3473.

Court of Civil Appeals of Texas. El Paso.

March 4, 1937.

NEALON, Chief Justice.

Appellee (plaintiff below) sued appellant, International Longshoremen's Association, Local No. 329 (defendant below), alleging that defendant had wrongfully expelled him from membership to his damage in the sum of $2,500. He alleged that certain sick and accident benefits accompanied membership in the association, and his ability to earn a living as a longshoreman depended upon membership therein. The association is a trades union, organized as a voluntary unincorporated association. The local union is a branch of an international organization which operates under a written constitution and has formulated rules for the government of the local organizations, which are therein designated "locals."

Plaintiff was expelled from Local No. 329, which functions in Galveston county. The explusion took place after a trial before a board of twenty-one members ap-

pointed from the local's membership, and plaintiff was informed of the Local's action on November 21, 1934. He appealed to the executive council of the International organization. These proceedings were in conformity to the provisions of the international organization's constitution. Section 4 of article XV of the constitution provides for this method of appeal and makes the decision of the executive council final. The executive council consists of the president, fourteen vice-presidents, and the secretary-treasurer. It is provided that "the President shall only cast his vote on a proposition when there is a tie vote, and he shall have full control of all matters of interest to the organization." The president referred the grievance to a subcommittee of the executive council. The subcommittee held a hearing at Galveston February 28, 1935, and rendered a report to the president, reciting that it had weighed the evidence and found that plaintiff and his associates were not guilty, and therefore reversed the decision of the local, and recommended that the Local reconsider its action and reinstate the expelled members. Neither the executive committee nor a majority thereof acted upon the report. The officers of the Local had the matter brought before the International executive council at its session in New York City on July 14, 1935. An agreement was presented to the association providing that, in consideration of reinstatement by the Local, the expelled members would not retain memberships, in or become members of, any organization within the membership of the Local without the consent of the Local, and that they would release the Local from any and all claims, debts, or demands growing out of the controversy. The agreement was signed by Robert Rhodes. The committee decided that all of the expelled men could be reinstated by signing the statement and that they would be exempt from the payment of dues "or" assessments from the date of explusion up to the time of reinstatement. This order of the executive council was issued because it was represented to that body that such terms had been agreed upon by representatives of all concerned. This was the reason that the executive council took no further action upon the appeal, upon the merits of which it has never passed. Plaintiff refused to accede to the terms of the proposed agreement, declined to sign the required release,

and brought this suit for damages and mandamus.

Defendant answered by plea of misjoinder of causes of action, general demurrer, special exceptions, general denial, and plea of accord and satisfaction—the last-named plea being based upon the alleged settlement agreement which was presented to the executive council as hereinbefore stated, and defendant's continuous tender of performance and present willingness to perform the same.

The court overruled the plea of misjoinder, the general demurrer, and special exceptions; and submitted the case to the jury upon the single issue of the good faith of the committee of twenty-one in voting to expel plaintiff. This issue was answered favorably to defendant; whereupon the court rendered judgment in favor of defendant upon plaintiff's action for damages, but upon the prayer for mandamus it ordered the defendant to reinstate plaintiff, the judgment with reference thereto being: "That defendant is directed to reinstate the plaintiff upon his application for reinstatement and conditioned upon his agreement to pay all dues from the date of his reinstatement, provided that the plaintiff makes proper application for reinstatement within the period of ten days from this the 13th day of January, 1936. Should plaintiff not elect to claim his right of reinstatement within said period, then there is no obligation, in so far as the decree of this Court is concerned, imposed upon the defendant to reinstate the plaintiff."

Defendant appeals from so much of the judgment as orders the reinstatement of plaintiff.

## Opinion.

■ 1. Our Supreme Court held in Screwmen's Benevolent Association v. Benson, 76 Tex. 552, 13 S.W. 379, that an expelled member of an incorporated society must exhaust his remedies by way of appeal within the organization before resorting to the courts to secure relief by mandamus. The same doctrine is controlling with respect to members of unincorporated associations. Appellee denied that those professing to represent him in making the compromise agreement were authorized to do so, repudiated the agreement, and sought relief in the district court without first having prosecuted his appeal to effect. The result is that the executive

council of the organization has neither passed on the subcommittee's report nor determined in any other way whether plaintiff was wrongfully expelled. Until that body acts, or within a reasonable time refuses to act, the courts of the state may not interfere, it nowhere appearing that the remedy thus provided is inadequate. Appellee may not enjoy the benefits of a compromise, while refusing to accept its burdens.

2. The court did not err in overruling defendant's general demurrer. The exceptions directed to so much of the pleadings as stated the purport of a telegram from the president of the International to the president of the Local should have been sustained. The other rulings of the court present no reversible error.

The views we entertain call for a reversal of the judgment awarding the remedy of mandamus. The judgment denying plaintiff damages was not appealed from, and, of course, will not be disturbed.

The judgment of the district court is reversed, and the cause is remanded.

Reversed and remanded.