COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

                                                 NO.
2-09-305-CV

 

 

W.W.
COLLINS, JR.                                                                         APPELLANT

V.

 

KAPPA SIGMA
FRATERNITY                                                             APPELLEES

AND
PHILIP L. THAMES

 

                                                       ------------

 

               FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

In
three issues, Appellant W.W. Collins, Jr. appeals the granting of Appellees
Kappa Sigma Fraternity and Philip L. Thames=s
motion to dismiss based on a forum selection clause.[2]  We reverse and remand.

II. 
Factual and Procedural History








Collins,
a 1965 initiate of Kappa Sigma Fraternity (AKSF@),
filed suit against the Fraternity for wrongful expulsion, breach of fiduciary
duty, and defamation.[3]  Subsequently, the Fraternity filed a motion
to dismiss based on a forum selection clause contained in KSF=s AConstitution,
By-Laws and Rules@ (ACBR@).  The provision at issue provided, in pertinent
part, that

[t]he sole venue for any
legal proceeding brought by any member, chapter or Related Entity involving
[KSF] or any officer or employee thereof shall be in the state and federal
courts of and for Albemarle County, Virginia, or at any other such place where
the Supreme Executive Committee in its discretion may from time to time
authorize and publish to [KSF]. . . . 

After
a hearing, the trial court granted the motion and dismissed the underlying suit
without prejudice.  This appeal followed.

III. 
Standard of Review

We
review a trial court=s determination of a motion
to dismiss, including a motion based on a forum selection clause, for an abuse
of discretion.  St. Clair v. Brooke
Franchise Corp., No. 02-06-00216-CV, 2007 WL 1095554, at *2 (Tex. App.CFort
Worth Apr. 12, 2007, no pet.) (mem. op.). 
However, to the extent that our review involves issues of contractual
interpretation, such as the interpretation of a forum selection clause, the
standard of review is de novo. See id. 








IV. 
Plain Meaning of Forum Selection Clause

In
his first issue, Collins argues that the trial court abused its discretion by
granting the Fraternity=s motion to dismiss because,
as an ex-member, the forum selection clause does not apply to him.  We agree.








A
contract is ambiguous when it is susceptible to more than one reasonable
interpretation.  Frost Nat=l
Bank v. L & F Distribs., Ltd., 165 S.W.3d 310, 312 (Tex.
2005).  The forum selection clause in
this case, however, is not susceptible to more than one reasonable
interpretation.  See, e.g., In re Int=l
Profit Assocs., Inc., 274 S.W.3d 672, 677 (Tex. 2009)
(concluding that the forum selection clauses at issue were not susceptible to
more than one reasonable interpretation because the clauses fixed jurisdiction
and venue for judicial actions between the parties); see also In re Wilmer
Cutler Pickering Hale & Dorr LLP, No. 05‑08‑01395‑CV,
2008 WL 5413097, at *4 (Tex. App.CDallas
Dec. 31, 2008, orig. proceeding [mand. denied]) (mem. op.) (applying plain
meaning rule to interpretation of forum selection clause).  The clause specifies that Aany
legal proceeding brought by any member, chapter or Related Entity involving
[KSF] or any officer or employee thereof shall be in the state and federal
courts of and for Albemarle County, Virginia.@  The only reasonable interpretation is that
legal proceedings involving KSF, its officers, or its employees that are brought
by members, chapters, or related entities are to be filed in Albemarle
County, Virginia.  It is undisputed that
KSF expelled Collins from its organization in 2003 and that Collins did not
file suit against the Fraternity until 2004. 
Consequently, Collins was no longer a member at the time he filed
suit.  Thus, based on the plain meaning
of the language, the forum selection clause is inapplicable to Collins.

Moreover,
when reviewed with the other provisions in section 3.5 of the CBR, it is clear
that the provision at issue applies only to current members. 

3.5.3  Exhaustion. 
The remedies and procedures provided in this Rule and all subsections
hereof must be exhausted prior to the filing or commencement of any legal
proceeding by any member, chapter or Related Entity involving the
Fraternity or any officer or employee thereof before a court having competent
jurisdiction thereof.

 

. . . .

 

3.5.5  Failure to Comply.  In the event that legal proceedings are
threatened or commenced in violation of or without compliance with this Rule
and all subsections hereof, the Supreme Executive Committee may in its
discretion summarily order the member, Chapter, or Related Entity covered
under this Rule to dismiss such legal action and comply with this Rule and all
subsections hereof.

 

3.5.6  Sanctions. 
Failure or refusal to comply with the Rule and all subsections hereof,
including, without limitation, an order by the Supreme Executive Committee made
pursuant to subsection 3.5.5 hereof, shall be grounds for disciplinary
proceedings against such member, chapter or Related Entity in accordance
with the [CBR]. . . .  [Emphasis added.]

The
Fraternity, however, argues that Aan
expelled member is still bound by the terms of the constitution that bound him
as an active member in connection with disputes arising within the association.@  In other words, for all intents and purposes,
although Collins is an ex-member, he is to be treated as a Amember@
when applying clauses within the constitutionCspecifically,
the forum selection clause.








In
support of its argument, the Fraternity cites to Dallas County Med. Soc=y v.
Ubinas-Brache, in which the court stated:

A member of a voluntary
association is bound by a sentence of expulsion against him lawfully rendered
by a tribunal created in pursuance of its constitution, and clothed with that
power. . . .  By uniting with the
society, the member assents to and accepts the constitution, and impliedly
binds himself to abide by the decision of such boards as that instrument may
provide, for the determination of disputes arising within the association. The
decisions of these tribunals, when organized under the constitution, and
lawfully exercising these powers, though they involve the expulsion of a
member, are no more subject to collateral attack for mere error than are the
judgments of a court [of] law.  But
if the tribunal act illegally; if it declare a sentence of expulsion for an
offense for which that penalty is not provided by the constitution and laws of
the association; and if there be no right of appeal, within the association,
reserved for the redress of the injury,[] the courts will review the
proceedings, and, if found illegal, will treat them as null, and restore the
member to his privileges as such. . . . 
If his expulsion was illegal, and if the association had refused, upon
appeal, to set it aside, it may be that this court would have granted redress.

68 S.W.3d 31, 42 (Tex. App.CDallas
2001, pet. denied), cert. denied, 535 U.S. 970 (2002) (emphasis added)
(citing Screwmen=s
Benevolent Ass=n v. Benson, 76
Tex. 552, 555, 13 S.W. 379, 380 (1890)).








The
Fraternity asserts that, based on the emphasized portion above, Collins, as an
ex-member, is still bound by the terms of the CBR and, therefore, is within the
scope of the forum selection clause. The language at issue, however, taken in context
with the entire paragraph, states that when a member is expelled from an
organization, that member is bound by the organization=s
decision to expel him so long as the organization=s
actions are protected under the organization=s
constitution.  See id.  That is, the expelled member is bound by the
organization=s
constitution only to the extent that he is challenging the organization=s
procedures for expelling him.  See id.
 Thus, we do not agree that Collins,
as an ex-member, is bound by the forum selection clause in the CBR, which,
based on the plain meaning of the language, applies only to members, chapters,
or related entities.  In other words, as
Collins points out, although Ubinas-Brache stands for the general idea
that an association may make and administer its own rules and that by joining
the organization a member agrees to be bound by them, it also provides that
this proposition must be exercised lawfully and within legal limits.  See id. at 41.  Thus, Ubinas-Brache does not negate
the common law application of the plain meaning rule to contracts and governing
documents.

 The Fraternity also argues that Collins is
bound by the forum selection clause under the doctrines of estoppel,
quasi-estoppel, and waiver.  In support
of its argument, the Fraternity directs our attention to the following
conclusions of law made by the trial court:

22.  Since [Collins] seeks to enforce claimed
benefits or contractual rights under the CBR, [Collins] is not able to avoid
the obligations imposed on him under that same CBR.   

 

23.
[Collins] waived any right to complain about the application to him of the
forum selection clause contained in Rule 3.5.4 of the CBR.  

 

24.
[Collins] is estopped to deny the application to him of the forum selection
clause contained in Rule 3.5.4 of the CBR.

 








25.
[Collins] is quasi-estopped to deny the application to him of the forum
selection clause contained in Rule 3.5.4 of the CBR.

 

Conclusions
of law may not be challenged for factual sufficiency, but they may be reviewed
to determine their correctness based upon the facts.  AMX Enters., L.L.P. v. Master Realty Corp.,
283 S.W.3d 506, 519 (Tex. App.CFort
Worth 2009, no pet.) (op. on reh=g); Dominey
v. Unknown Heirs & Legal Representatives of Lokomski, 172 S.W.3d 67, 71
(Tex. App.CFort
Worth 2005, no pet.).

 

1.  Estoppel and Quasi-Estoppel

In
its motion to dismiss, the Fraternity argued that Asince
[Collins] seeks to enforce claimed benefits under the contract, [Collins]
should not be able to avoid the obligations imposed on him under that same
contract.@

 Estoppel by contract is a form of
quasi-estoppel premised on the concept that a party to a contract will not be
permitted to take a position inconsistent with its provisions, to the prejudice
of another.  See Johnson v. Structured
Asset Servs., L.L.C, 148 S.W.3d 711, 721B22
(Tex. App.CDallas
2004, no pet.); see also Eckland Consultants, Inc. v. Ryder, Stilwell Inc.,
176 S.W.3d 80, 87 (Tex. App.CHouston
[1st Dist.] 2004, no pet.) (stating that the doctrine of quasi estoppel applies
when it would be unconscionable to allow a party to maintain a position
inconsistent with one in which it had acquiesced, or from which it had accepted
a benefit).








We
note that under the doctrine of estoppel, even if Collins is estopped from
challenging the existence, validity, or effect of the CBR, he is not estopped
from asking the court to enforce the CBR in accordance with its plain language.  In other words, assuming that the CBR is a
valid contract between the Fraternity and Collins, and that Collins is bound by
what is written in the CBR, the CBR must be enforced based on its plain
language.  See Jamestown Partners,
L.P. v. City of Fort Worth, 83 S.W.3d 376, 381 (Tex. App.CFort
Worth 2002, pet. denied) (stating that the agreement will be enforced as the
parties have made it, without regard to whether they contracted wisely).  That being said, we previously concluded that
the CBR=s
forum selection clause, based on its plain language, does not apply to
ex-members.

More
simply put, Collins, as a member of KSF, agreed to be bound by the CBR.  The CBR=s forum
selection clause stated that members were required to file suit in Albemarle
County, Virginia.  The clause, however,
did not state that ex-members were also required to file suit in Albemarle
County, Virginia.  Thus, Collins, as an
ex-member, is not asserting a right inconsistent with a position that he took
as a member.  Accordingly, estoppel does
not apply.

2.  Waiver








The
Fraternity also argued in its motion to dismiss that Collins Awaived
any right to complain about the Virginia forum by agreeing to the valid forum
selection clause.@  In its findings of fact, the trial court
found that (1) Collins was a 1965 initiate of KSF; (2) the forum selection
clause was part of the 2001, 2003, 2005, and 2007 CBR; (3) the forum selection
clause contained in the CBR is presumptively valid; (4) the CBR constituted a
contract between KSF and Collins; (5) Collins was expelled from KSF in 2003;
and (6) Collins filed suit in 2004.  Based on these facts, the trial court
concluded that Collins Awaived any right to complain
about the Virginia forum by agreeing to be bound by the CBR and any amendments
and/or changes thereto when he became a member of KSF.@

Collins,
however, only agreed to be bound by the forum selection clause to the extent
provided for in the CBR when he was a member. 
As such, based on the plain meaning of the clause=s
language in both the 2001 and 2003 CBR, the forum selection clause only applied
to members, chapters, and related entities. 
Thus, when Collins was a member, he was bound by the forum selection
clause; however, when Collins became an ex-member, the clause no longer
applied.  Accordingly, as an ex-member,
Collins has not waived his rights to complain about the Virginia forum.

Because
Collins is no longer a member, and because the doctrines of estoppel,
quasi-estoppel, and waiver do not apply, we conclude that the forum selection
clause does not apply to Collins. 
Therefore, the trial court abused its discretion by granting the
Fraternity=s
motion to dismiss.  Accordingly, we
sustain Collins=s first issue.[4]








V. 
Conclusion

Having
sustained Collins=s dispositive issue, we
reverse the trial court=s judgment and remand for
further proceedings consistent with this opinion.

 

 

BOB MCCOY

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

 

DELIVERED:
April 22, 2010











[1]See Tex. R. App. P.
47.4.





[2]Philip L. Thames is a
Kappa Sigma Officer.  From this point on,
the appellees will be referred to collectively as Athe Fraternity.@





[3]The underlying suit
is based on Collins=s expulsion from KSF
in January 2003 for, among other things, violating KSF=s hazing policy.  Collins, an attorney, consulted with two
undergraduate members of KSF at Texas Christian University and allegedly
instructed them not to cooperate with KSF=s investigation into a hazing incident.





[4]Because we sustain
Collins=s first issue, we
need not address his second and third issues, which provide further arguments
as to why the trial court abused its discretion by granting the Fraternity=s motion to dismiss,
and we need not reach the Fraternity=s cross-issues.  See Tex. R. App. P. 47.1.