Whebleb, J.
The sequestration was not a distinct independent act. It' was but process obtained in aid of and as auxiliary to the action of trespass to try title. And the judgment quashing the writ and awarding the restoration of the possession to the defendant was but an interlocutory j udgment, rendered during the progress of the cause in a proceeding collateral and incidental to the main action. That it was not a final judgment in the case seems quite too clear to require the support of argument or authority.
It is the settled doctrine of this court, affirmed by repeated decisions, that an appeal, and, since the repeal of the 141st section of the act of 1S46, a writ of error will not lie to revise an interlocutory judgment or any order made during the progress of the cause until after final judgment rendered in the case. (Goss et al. v. McLaran, 8 Tex. R.; Stewart v. Jones, 9 Tex. R.; Byers v.
*134 Janes, 2 Tex. R., 529; Robinson v. Baillieul, Id., 160; Ewing v. Kinnard, Id., 163; Warren v. Shuman, 5 Id., 441.)
The writ of error in this ease must therefore be dismissed. This dispenses with tiie necessity of considering- the questions presented by the very ingenious and able argument of counsel for the plaintiff in error upon the merits of the judgment sought to be revised.
The petition for a mandamus seeks to accomplish the same purpose as the writ of error. A mandamus is not the appropriate remedy to obtain a' revision by this court of the judgments of the District Court. It does not lie to control the action of an inferior court in a matter involving the exercise of judgment. The petition manifestly does not present a case proper for the awarding of the writ. It therefore must also be dismissed.
Writ of error dismissed.'
Note. — After tho opinion was delivered W. W. Morris, also for plaintiff in error, moved the court to suspend the opinion and continue the cause to next term, stating that he had not been aware of tho previous decisions'of the court upon the subject, and expressing the opinion that if time were allowed he could show good cause for a change of the rule. But the motion was overruled.