## W. J. EWING v. JACOB COHEN.

(Case No. 2033.)

1. MANDAMUS.— A *mandamus* to an inferior court lies only in case where the act directed to be performed requires no exercise of judicial discretion. Hence, a *mandamus* could not be used to revise a judgment of an inferior court dismissing an appeal for want of a sufficient appeal bond.

2. FINAL JUDGMENT.— A judgment dismissing an appeal for want of a sufficient appeal bond is a final disposition of the case by the court rendering it, and can be revised, by a superior court having supervisory power over its proceedings, by means of an appeal or writ of error.

3. MANDAMUS.— Though *mandamus* is the proper remedy to enforce the performance of a ministerial act, when there is no other adequate legal remedy, yet the converse of that proposition, that when there is no other legal remedy the writ of *mandamus* may always be resorted to, is not true.

APPEAL from Johnson. Tried below before the Hon. A. J. Hood. The opinion states the case.

*J. W. Ewing*, for himself, cited: Jacob Porter v. Henry Klahn, W. W. Con. Rep., §§ 528 and 529; High, Ex. Leg. Rem. (2d ed.), secs. 188, 189, 190; People v. Weston, 28 Cal., 639; Cariaga v. Dryden, 29 Cal., 307; Lewis v. Barclay, 35 Cal., 213; Little v. Morris, 10 Tex., 263; Durrett v. Crosby, 28 Tex., 687.

*C. W. Jodon*, for appellee, cited: High, Extra. Rem., p. 190, sec. 251; citing State v. Judge, 4 Rob. (La.), 227; *In re* Turner, 5 Ohio,

542; Rhodes *v.* Craig, 21 Cal., 419; Dixon *v.* Field, 10 Ark., 243; People *v.* De La Guerra, 43 Cal., 223.

WILLIE, CHIEF JUSTICE.— The county judge of Johnson county, appellant in this cause, entered up an order dismissing an appeal taken by Jacob Cohen from a judgment of the mayor's court of the city of Cleburne, imposing a fine upon Cohen for a violation of one of the ordinances of that city. The order was entered in pursuance of a motion made by the county and city attorneys, to dismiss the appeal because of the insufficiency of the appeal bond, and because the appellant, Cohen, had not made a motion for a new trial as required by the revised ordinances of the city of Cleburne. The appellant thereupon commenced a suit in the district court of Johnson county, to compel the county judge by *mandamus* to reinstate the cause in his court and proceed with it to judgment.

The district judge granted a temporary *mandamus*, and upon final trial made it peremptory, and from this judgment the present appeal is prosecuted.

We do not propose to discuss all the points raised by the record, and so ably submitted in the briefs of counsel and argued at the bar of this court, but to consider only one question, viz.: Whether or not the action of the county judge dismissing the appeal for want of a proper bond could be controlled by a *mandamus?*

It is well settled that the writ of *mandamus* can issue to an inferior court only in cases where the duty it directs it to perform requires no exercise of judicial discretion. High on Ex. Leg. Rem., § 156.

"*Mandamus* will not lie to control the exercise of the discretion of inferior courts, and where such courts have acted judicially upon a matter properly presented to them, their decision cannot be altered or controlled by *mandamus* from a superior tribunal." High on Ex. Leg. Rem., § 156. This principle is supported by an overwhelming weight of authority both in England and America. See note 1 to above section. If the inferior court refuses to proceed with a cause, the tribunal vested with the power of issuing a *mandamus* to such court may compel it to action by means of this writ. The superior may set the machinery of the inferior court in motion, but it will not dictate what judgment it shall render, or direct the performance of any judicial act. Id., § 152. The mandate commands the judge to exercise his judicial discretion, but does not direct him how it shall be done. Carpenter *v.* Commissioners, 21 Pick., 258. The rule applies as well to judgments rendered during the course of the proceedings as to the final determination of the cause.

These principles are established by an overwhelming weight of authority and are entirely beyond all question. See the numerous authorities in the notes to above cited sections of High on Ex. Leg. Rem.

The object of the present suit was not to compel the county court to act when it had refused to do so, but to compel it to reverse an action it had already performed, and reinstate a cause it had already dismissed. This was, in effect, to revise a ruling made by that court, and to substitute the opinion of the district judge for that of the judge having jurisdiction of the appeal from the mayor's court.

The writ of *mandamus* can perform no such function. It cannot be made a substitute for an appeal or writ of error, and more especially can it not be used by one court to reverse the judgments of another, over which it has no appellate control.

The county court, in this case, had passed upon the sufficiency of the appeal bond made by Cohen. It had taken into consideration the question as to whether or not the bond was made payable to the proper obligee. In order to determine this question according to the appellee's own argument, it was necessary for the judge to ascertain to whom the city ordinances required the instrument to be made payable. Finding that they named the city as the obligee, he had then to examine as to whether, under the constitution and laws of the state, a bond payable to the state of Texas could be sustained. If his conclusion as to the payee of the bond was unfavorable to Cohen, he had then to pass upon the question of Cohen's right to the appeal without a bond, having given due notice of appeal. All these points he decided adversely to Cohen, who then sought and obtained the judgment of the district court that the county judge was wrong in his conclusions, and must reverse his judgment dismissing the appeal.

And now that the cause is before this court, we are asked to examine into all these questions of constitutional and statute law, and, if we agree with the district judge, that we compel the county court to receive a bond which in its opinion is void under the laws of the state. How we can do this, or how the district court could do it, without controlling or revising the judicial discretion of the county judge, we are unable to see.

The appellee contends that the district court was merely compelling the performance of a preliminary act. Be it so, yet we know of no rule of law that places the judicial discretion of one court upon a preliminary question within the control of another, though

it may be of superior jurisdiction. It is not the point at which the proceedings may have arrived that governs the right to the *mandamus*. It is the nature of the question upon which the court is called to pass, and the character of judgment it must render. A judgment dismissing a cause for want of a sufficient appeal bond is a final disposition of the cause in the court rendering it, and in the present case involved as intricate questions of law, probably, as would have arisen upon a final trial of the cause upon the law and the facts. The fact that the appellee here had no other remedy does not entitle him to that of *mandamus*. It is well settled that whilst *mandamus* issues only when the aggrieved party has no other adequate remedy, the converse of the proposition is not true, that when he has no other remedy he may resort to the writ of *mandamus*.

Similar questions upon the law of *mandamus*, and indeed the identical question presented by this appeal, have been before other courts, and have, perhaps without exception, been decided against the right to make use of the writ in such cases. And the writ is refused though it be evident to the superior court that the judgment of the inferior court was wrong. People *v.* Judge of Wayne Co. Court, 1 Mich., 359; Judges of Oneida Com. Pleas *v.* People, 18 Wend., 79; *Ex parte* Newman, 14 Wall., 152; State *v.* Wright, 4 Nev., 119; People *v.* Judges, etc., 20 Wend., 688; People *v.* Weston, 28 Cal., 639; Carpenter *v.* Bristol, 21 Pick., 258.

The zeal and ability with which counsel have urged upon the court his views of the cause have induced us to consider the question at greater length than any difficulty in its solution demanded.

The judgment will be reversed and rendered here for the appellant.

REVERSED AND RENDERED.

[Opinion delivered March 13, 1885.]