THE STATE *ex rel.* BETTS *et al.*, *Plaintiffs in Error*, v.
MEGOWN.

1. **Mandamus.** Mandamus will not lie to control the judgment or discretion of an inferior court.

2. ———: APPEAL. Mandamus will not lie where the right of appeal exists; the writ of mandamus cannot usurp the functions of a writ of error or an appeal.

3. ———. Where an inferior court has jurisdiction mandamus will not lie to control its judgment, although manifestly erroneous.

4. **Administration:** FINAL JUDGMENT: APPEAL. The refusal of the probate court to appoint an administrator *de bonis non* is a final decision from which an appeal will lie. R. S., sec. 292.

*Error to Ralls Circuit Court.*—HON. THEO. BRACE,
Judge.

AFFIRMED.

*Ira Hall* for plaintiff in error.

(1) The right to a mandamus to compel the appointment of an administrator *de bonis non* will not be questioned if the facts warrant a second administration. *State ex rel. Adamson v. Lafayette Co.*, 41 Mo. 221; *State ex rel. Hopkins v. Buchanan Co.*, 41 Mo. 254; *State ex rel. Metcalf v. Garesche*, 65 Mo. 480; *Kansas City v. Filanders*, 71 Mo. 281; *Garth v. Caldwell*, 72 Mo. 622; *State ex rel. Wright v. Adams*, 76 Mo. 606. (2) Plaintiff was entitled to judgment for mandamus. R. S., sec. 185. (3) Plaintiff's claim against Johnson's estate is a chose in action, the title and ownership of which is in relator, Nancy Betts, it never having been reduced to possession by her husband, who is joined with her in this application because required by law *{ Wood v. Simmons*, 20 Mo. 363, 370; *Hunt v. Thompson,*

61 Mo. 148), and she being a married woman when it accrued and during the time when administration was had upon Johnson's estate, the statute of limitations did not run against it and would not under section 185, Revised Statutes, until two years after discoverture, and consequently she is entitled to an administration under said section at any time before discoverture, when she can obtain the consent of her husband to be joined with her in a suit to have her claim allowed. The claims of the excepted classes therein are not barred by an administration already had and closed, neither are their remedies. The right and remedy are both saved by that section to the classes named and must be pursued under that statute by an administration of the estate against which the claim exists. *Presbyterian Church v. Mc-Ilhinney*, 61 Mo. 540. In this state heirs and legatees have no right to estate until the debts are paid; nor can a testator by devise prevent sale of lands for payment of his debts. *Shad v. Nicolay*, 30 Mo. 99; *Metcalf v. Smith's heirs*, 40 Mo. 57. (4) This is not a case where relator can proceed in equity to have the estate in hands of heirs charged with her claim, because the liability had accrued and become fixed in the lifetime of the decedent and must, therefore, be proceeded with under the administration law. *Titterington v. Hooker*, 58 Mo. 598, and cited and commented on in *Sauer v. Griffin*, 67 Mo. 656.

No brief for respondent.

SHERWOOD, J.—There are two reasons why the circuit court properly refused to grant the peremptory writ to compel the probate court to grant letters *de bonis non*.

I. Mandamus will not lie to control the judgment or discretion of an inferior court; for this in effect would be to substitute the opinion of the superior for

that of the inferior court. *Barksdale v. Cobb*, 16 Ga. 13; High on Extr. Leg. Rem., secs. 171, 176, 156.

II. Mandamus will not lie in this instance because relator has another adequate and specific remedy by appeal. The existence of such a remedy bars the exercise of jurisdiction by mandamus; for such a writ is not to usurp the functions of a writ of error or appeal, or to correct errors which may be corrected in that way High Extr. Leg. Rem., sec. 188. And the status of the case would not be affected if the judgment of the inferior court was manifestly erroneous, if the question passed upon was within the jurisdictional powers of the court adjudicating upon it. *Ib.*, sec. 189. Of its jurisdiction there can be no doubt. And in this case the right and remedy of appeal do exist; Revised Statutes, section 292, is ample in its provisions for an appeal, and there has been a final decision of the matter by the probate judge.

The result is that the judgment should be affirmed. All concur.