THE STATE OF TEXAS, EX REL. R. A. JOHN ET AL., V. F. G. MORRIS.

NO. 53.

## Mandamus to Control District Judge.

The defendant, as district judge, issued a writ prohibiting the county commissioners of Williamson County from counting and declaring the vote at an election about to be held in said county on *local option*. Relators applied to the Supreme Court for a writ of mandamus to the said district judge requiring him to vacate his prohibitory order.

*Held:* 1. That mandamus would not lie to control the action of the said judge in a case pending.................................................. 229

2. The writ is never granted when the grievance may be corrected by appeal or writ of error ..... .................................... 230

ORIGINAL APPLICATION for mandamus.

It was sought by this proceeding to obtain a mandamus requiring district judge F. G. Morris to vacate an injunction issued by him prohibiting the counting and certifying of the vote in an election upon *local option* held in Williamson County. Judge Morris filed answer, among other things urging the grounds sustained in the opinion of the court. . The facts sufficiently appear in the opinion.

*R. A. John,* county attorney, and *E. A. Strickland,* for application.

Referring to the petition for mandamus filed herewith, we beg leave to file and submit the following authorities:

1. The Supreme Court or judges thereof have authority to grant the relief sought by this petition. Const., art. 5, sec. 3; Act of called sess. 22nd Leg., p. 21, art. 1012; Ex Parte Keeling, 50 Ala., 474.

2. The counting of the vote and the declaring of the result of said election is a purely political question, over which the District Court has no jurisdiction. Alderson v. The Commissioners, 32 W. Va., 640; 25 Am. St. Rep., 840, and authorities; 82 Ill., 119; 61 Ill., 201; 78 Ill., 261; Paine on Elec., sec.——.

3. The counting of said vote and declaring the result of said election is a plain duty prescribed by law, and the District Court has no right to restrain or in any way interfere with said duty. Rev. Stats., art 3233, and authorities above cited.

4. The election as held in said county was a lawful election, and. the fact that justice precincts numbers 1, 3, and 5 had already adopted the local option law would not render the county election void. Rev. Stats., art. 3238; Lipari v. The State, 19 Texas Cr. App., 435.

5. The applicants were not entitled to the relief sought in any event, because they were not proper parties to the suit, and had no greater interest in the matter than any other citizen of Williamson County. Such suits, if permitted at all, can only be brought by the State to restrain the paying out of the money by said court, and not by private parties. Hughes v. Dubbs, 84 Texas, 502; San Antonio v. Strumberg, 70 Texas, 366.

6. The District Courts in this State have no authority in any event to issue writs of prohibition. Seele v. The State, 1 Texas Civ. App., 495.

7. The petition of the applicants had no merit under the law, and should have been refused by the court; and having no merit, this court can issue the writ of mandamus prayed for herein.

BROWN, Associate Justice.—This is an original proceeding in this court, in the name of the State of Texas, upon the relation of R. A. John, county attorney, joined by D. S. Chessher, county judge of Williamson County, in which it is sought to have this court issue a mandamus against Hon. F. G. Morris, judge of the Twenty-sixth Judicial District. G. E. King and G. W. Scott intervened.

The facts necessary to an understanding of the questions decided are as follows: The Commissioners Court of Williamson County, upon a proper petition, ordered an election for said county to be held on the 11th day of September, 1893, "to determine whether or not the sale of intoxicating liquors shall be prohibited in the county."

Prior to that time the local option law had been adopted in three justice precincts in the county, and was still in force, and in two of the precincts the time within which an election to abolish such law might be held had not expired.

G. E. King and G. W. Scott, alleging they were engaged in the sale of spirituous liquors in said county under a license, and that they were citizens of and taxpayers in the county, instituted a suit in the District Court against the members of the Commissioners Court of Williamson County, and applied to the Hon. F. G. Morris, judge of the Twenty-sixth Judicial District, for an injunction to prevent the election being held or the vote counted and published. Many grounds were alleged. On preliminary hearing Judge Morris sustained the petition upon demurrers, basing his action upon the proposition that the order of the court embracing the whole county in the election, when three precincts had before adopted the law, was unlawful, and that if the voters of the precincts in which local option had before been adopted and was still in force were allowed to vote at an election for the whole county, such election would be void.

On the preliminary hearing the judge entered a rule requiring the defendants, the members of the Commissioners Court, to appear at the next term of the District Court to be held in Williamson County, on the first Monday in January, 1894, to show cause why a writ of prohibition should not issue against them, "prohibiting, restraining, and enjoining them from making any decision or declaration or entry in the minutes of the court of the result of that election, and that they, the defendants, be restrained from doing any of the acts aforesaid."

The petition in this case alleges, that Hon. F. G. Morris decided contrary to law in holding that electors of the precincts in which local option had been adopted had not a right to vote at the election; that he had no power to issue the writ of prohibition, and especially against the defendants in that case.

The original jurisdiction of this court depends upon the following provision found in the third section of article 5 of the Constitution, as amended in 1891: " The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State." The called session of the Twenty-second Legislature conferred original jurisdiction, empowering the Supreme Court and the justices thereof, in vacation or term time, to issue writs of quo warranto and mandamus against any district judge or officer of the State Government, except the Governor of the State. Laws called sess. 22nd Leg., p. 21, art. 1012.

The question arises whether or not the facts as set out in the petition and answer, about which there seems to be no controversy, make a case in which this court can issue a writ of mandamus to a district judge.

The decision complained of was made by the district judge in his official character; the questions decided are such as required the exercise of his judgment to determine the proper construction of the Constitution,

upon which depended his power, and of the statute as to the right of the voters in certain precincts to vote at the pending election. If this court should be of a different opinion as to the proper interpretation of these provisions of the law and the Constitution, and should issue a writ of mandamus directed to the Hon. F. G. Morris, commanding him to vacate his orders heretofore made, he would be entering the judgment of this court, and not his own. Has this court the power to substitute its own judgment for that of the district judge in a case pending in his court?

Mr. High, in his work on Extraordinary Legal Remedies, discusses this question very thoroughly in part 1, chapter 3, and in section 176 sums up the result thus: "The controlling principle in refusing interference in all such cases seems to be to leave the inferior court untrammelled in the exercise of its powers, and to refuse a species of relief which would, in effect, substitute the opinion of the superior for that of the inferior tribunal, and compel the latter to render judgment not according to its own views of the law, but by substituting another judgment in lieu of its own while the cause is yet pending before it."

The same doctrine is well expressed in the American and English Encyclopedia of Law, volume 14, page 110, in this language: "Mandamus will not lie to correct the errors of inferior tribunals, by annulling what they have done erroneously."

In Ewing v. Cohen, 63 Texas, 482, Chief Justice Willie, delivering the opinion of the court, quoting from High on Extraordinary Legal Remedies, said: "Mandamus will not lie to control the exercise of the discretion of inferior courts, and where such courts have acted judicially upon a matter properly presented to them, their decisions can not be altered or controlled by mandamus from a superior court." This rule is amply supported by a large number of cases, of which we cite the following: Little v. Morris, 10 Texas, 263; Sansom v. Mercer, 68 Texas, 492; Commonwealth v. Boone, 82 Ky., 632; The State v. McGown, 89 Mo., 156; The State v. Smith, 105 Mo., 6; Judges v. The People, 18 Wend., 79; Ex Parte Hoyt, 13 Pet., 279; Ex Parte Nelson, 1 Cow., 417; The People v. Superior Court, 18 Wend., 575; Ex Parte Perry, 102 U. S., 183; Potter v. Todd, 73 Mo., 101.

Mr. High says in his work that there are but few States which hold a different doctrine, and these only as to matters in which no appeal is given by law, and no other remedy is provided.

We find another objection to issuing a mandamus in this case. The suit is pending for trial in the District Court. It is one in which the right of appeal is given, and the parties can avail themselves of that remedy in case judgment is entered against them, if they believe it to be erroneous. "The writ of mandamus is never granted when the griev-

ance complained of may be corrected on error or appeal." High on Ex. Legal Rem., sec. 188; The State v. McGown, 89 Mo., 156.

The petition and plea of intervention will be dismissed, and the defendant will recover all costs against the plaintiffs except the costs of the intervention, which will be taxed against the intervenors.

Delivered December 7, 1893.