### B. L. AYCOCK ET AL. v. J. H. CLARK, DISTRICT JUDGE.

No. 968. Decided February 7, 1901.

**1. Mandamus—Judicial Act.**

While a judge may be required by mandamus to enter judgment upon the verdict of a jury, where he refuses to do so, the determination of what is the proper judgment to be entered upon a verdict calls for the exercise of judicial discretion, and this can not be controlled by another court by a writ of mandamus. (P. 376.)

**2. Mandamus—Other Remedy—Appeal.**

Mandamus will not be awarded where the law has provided another remedy, plain, adequate and complete; thus it will not lie to compel the correction of a judgment which the plaintiff may have corrected by appeal. (Pp. 376, 377.)

ORIGINAL APPLICATION for writ of mandamus to the District Court of Bexar County, Thirty-seventh District.

*C. S. Robinson* and *B. L. Aycock,* for petitioners.

*Upson, Newton & Ward,* for respondent.

GAINES, CHIEF JUSTICE.—This is an original action for writ of mandamus to compel the Hon. John H. Clark, judge of the Thirty-seventh District of the State of Texas to enter a certain judgment in

a cause tried in his court in lieu of a judgment rendered by him and entered upon the minutes thereof.

The petition states the facts in great detail, but we deem it sufficient, for the purposes of this opinion to set forth the nature of the suit which was tried in the District Court, together with the verdict and judgment in which the trial resulted. The suit was brought by Emma Aycock, joined by her husband, against the San Antonio Brewing Association, the Galveston, Harrisburg & San Antonio Railroad Company, the Alamo Heights Railroad Company, and the American Surety Company, to recover damages for the construction and operation of a railroad for carrying freight over the track of the Alamo Heights Railroad Company, a street railway company, along the streets and sidewalks adjacent to certain lots in the city of San Antonio owned by the wife, and to enjoin the use of the track for that purpose. The American Surety Company was dismissed from the suit. There was a trial before a jury and the following verdict was returned: "We the jury find a verdict for defendants, the San Antonio Brewing Association, the Galveston, Harrisburg & San Antonio Railroad Company, and the American Surety Company of New York. We further find a verdict in favor of the plaintiffs against the defendant the Alamo Heights Railroad Company, for the sum of seven hundred and fifty dollars." Thereupon the plaintiffs remitted the damages, except for the sum of $1, and presented to the trial judge, the respondent herein, a decree in their favor against all the defendants, enjoining the use of its track for transportation of freight and requiring the defendant the Alamo Heights Railroad Company to restore its track so as not to infringe upon the sidewalk adjacent to the lots of the plaintiff, and asked that it be entered as the decree in the cause. This the court declined to do and entered a judgment against the defendant the Alamo Heights Railroad Company for the sum of $1,—the amount of damages awarded by the jury less the remittitur,—and for costs of suit.

The prayer of the petition filed in this court is that a writ of mandamus be awarded "commanding the said district judge to perform his statutory ministerial duty by entering a judgment, declaring the said railroad a nuisance and ordering the same removed, that is to say, the tracks, poles, and wires, from off the plaintiffs' said lots 5 and 6, described in plaintiffs' " petition.

In our opinion, there are two insuperable objections to granting the relief prayed for in this case. In the first place, the act which we are asked to command the officer to perform is strictly judicial in its character, and in such case a mandamus can not be awarded. A judge may be commanded to proceed to the trial of a case; so, also, he may be compelled to enter a judgment upon the verdict of a jury, where he has refused to enter any judgment whatever. Lloyd v. Brinck, 35 Texas, 1. But the determination of what is the proper judgment to be entered upon a verdict calls for the exercise of judicial discretion, and that discretion can not be controlled by another court by a writ of mandamus. In the second place, it is elementary law that a mandamus

is never awarded where the law has provided another plain, adequate, and complete remedy. Ewing v. Cohen, 63 Texas, 482; Little v. Morris, 10 Texas, 263; Screwmen's Association v. Benson, 76 Texas, 552. A final judgment having been rendered in the cause, the plaintiffs have their remedy to correct that judgment either by an appeal or a writ of error to the Court of Civil Appeals. If, as argued in behalf of the relators, that remedy be not adequate, then no tribunal can in any event afford such remedy in such a case. If, with the entire record before it, that is to say, the pleadings, the bills of exception, the statement of facts, the charges of the court, the verdict and judgment, the appellate court can not adequately correct an error in the judgment rendered in the trial court, it would seem that a law providing for an appeal is a mistake in jurisprudence.

While the rules announced are well settled and are in consonance with the decisions of all the common law courts, we will call attention to two cases from courts of very high authority. In the case of Ex Parte Redd, 73 Alabama, 548, the plaintiff in a statutory proceeding to try the question of exemption of certain property from sale under execution, moved the court for judgment by default, which was denied but no final judgment was entered. Upon an application to the Supreme Court to compel the trial judge to enter a judgment by default, the court, after announcing that the record failed to show any reason why the motion for a judgment by default should not have been granted, proceeded to say: "Mandamus is not the remedy in such a case as this. That coercive process is proper when an inferior court refuses to proceed to judgment in a case in which the law makes it his duty to act. This court will command the inferior tribunal to proceed to judgment, but will not dictate the judgment he shall render. It compels judgment, but does not control it, when there is another adequate remedy. State v. Williams, 69 Ala., 311. If the circuit court, on being moved thereto, had refused to render final judgment, the petitioner would have been entitled to this extraordinary remedy. We can not presume there would have been such refusal. A refusal to render a particular, specified judgment is not the equivalent of a refusal to render any judgment. From final judgment, when rendered, an appeal lies to this court. Such appeal is a complete and adequate remedy."

In the case of Ex Parte Newman, 14 Wallace, 152, the Supreme Court of the United States say: "Superior tribunals may by mandamus command an inferior court to perform a legal duty where there is no other remedy, and the rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done, or if it be ministerial, the mandamus will direct the specific act to be performed." And again: "Such a writ can not perform the

functions of an appeal or writ of error, as the superior court will not; in any case, direct the judge of the subordinate court what judgment or decree to enter in the case, as the writ does not vest in the superior court any power to give any such direction or to interfere in any manner with the judicial discretion and judgment of the subordinate court."

If the respondent had refused to proceed to try the plaintiffs' cause, or if, after a trial and verdict, he had refused to enter judgment upon the verdict, this court would have had power, in the first case, to have commanded him to try the cause, and, in the second, to compel him to enter a judgment. In the case before us, the trial judge has entered a judgment, and we are without power in this proceeding to correct that judgment even if erroneous.

Therefore, the general demurrer to the petition is sustained and the suit is dismissed.

*Dismissed.*