## J. M. KYLE ET AL. V. J. C. RICHARDSON.

### Decided December 20, 1902.

**1.—Certiorari—Justice Court Judgment.**

A certiorari can not, under the terms of the statute, be granted after ninety days from the final judgment in the justice court sought to be reviewed, and such judgment is final from the date of its rendition where there is no motion for a new trial. Rev. Stats., art. 346.

**2.—Same—Principal and Indorser—Judgment—Execution Over.**

Where the action was on a note against a principal and an indorser, it was not ground for a certiorari that the justice announced to the attorney for the indorser, at the conclusion of the trial, that he would enter judgment against the defendants as principal and indorser, respectively, and he thereafter so entered the judgment, and also awarded execution in favor of the indorser against the principal in case the indorser paid the debt, since it was authorized by the statute. Rev. Stats., art. 3815.

**3.—Same—Injunction.**

Suit by injunction in the district court can not be substituted for the remedy by appeal or certiorari given by the statute.

Appeal from the District Court of Clay. Tried below before Hon. A. H. Corrigan.

*Allen & Wantland,* for appellants.

*R. E. Taylor,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought and successfully maintained in the District Court to enjoin the collection of a judgment rendered in the justice court in favor of the Farmers National Bank against appellee, as principal, and E. B. Carver, as indorser, on a promissory note for $150. The excuse offered by appellee for not pursuing the remedy by appeal, as well as his defense to the note, was thus stated in his testimony: "This case was tried before Geo. A. Watts, special justice of the peace, on February 25, 1901. I was present when the case was tried and when the court rendered his decision. The court announced that he would give judgment in favor of the plaintiff against me as principal and E. B. Carver as indorser, but he said nothing about giving judgment in favor of Carver over against me. Mr. Burkhalter was my attorney in that case, and he prepared a memorandum of the judgment rendered and Mr. ———— signed it. I appealed from this judgment to the county court, and the appeal was dismissed because the appeal bond was not made payable to E. B. Carver, as well as the Farmers National Bank.

"The note on which the suit was brought stipulated that it should be void if the road was not completed to Mineral Wells by September 1, 1899. I did not agree to waive this stipulation and pay the note if the road was completed to Mineral Wells by November 1, 1899. I told Mr. Arnold if they would allow me what they owed me, I would waive

this stipulation, but they refused to make this agreement with me, and I refused to waive this stipulation in the note. I never agreed with any-one to waive this stipulation in the note. The road mentioned in the note, the Gulf & Brazos Valley Railroad, was not completed to Mineral Wells till on the night of October 31, 1899. It was about 10 o'clock at night when they built into the city limits of Mineral Wells."

The judgment recorded by the justice of the peace was as follows: "This day came the parties by their attorneys and submit the matter in controversy as well as of fact as of law to the court, and it appearing to the court that the defendants had been duly cited herein, and the evi-dence and argument of counsel having been heard and fully understood by the court, that the plaintiff the Farmers National Bank ought to re-cover its damages against the defendants J. C. Richardson and E. B. Carver, and the court now here assesses the damages, to wit: Principal $135 (being the amount of note sued upon, less a credit of $15) ; inter-est from November 1, 1899, at 8 per centum per annum, $14.25; attor-ney's fees $13.50; the several amounts aggregating the sum of $162.75.

"It is therefore ordered by the court that said plaintiff the Farmers National Bank do have and recover of and from the defendants, J. C. Richardson and E. B. Carver, jointly and severally, the said sum of $162.75, and all costs of suit, and that execution issue in favor of plain-tiff therefor, and that this judgment bear interest from its date at the rate of 8 per cent per annum. And it appearing to the court that E. B. Carver is indorser on said note, it is therefore ordered by the court that the said E. B. Carver have and recover of J. C. Richardson, the other defendant herein, the sum of $162.75, and costs of suit, and that this judgment bear interest from this date at the rate of 8 per cent per annum, and should the said Carver pay all or any part of the judgment in favor of the plaintiff herein, then execution shall issue in his favor against said Richardson to make such money as he may so pay."

Ninety-nine days (June 4, 1901) after the judgment was rendered (February 25, 1901), no motion having been made for a new trial, ap-pellee presented to the county judge a petition for certiorari, which was refused because the ninety days allowed by law had elapsed.

No excuse was offered by the appellee for not pursuing this remedy within the ninety days. His contention, however, in effect is, that under certain decisions of the Court of Appeals referred to in his brief he had one hundred days, instead of ninety, in which to avail himself of the remedy by certiorari. But we do not so interpret these decisions, for in each of them a motion for new trial had been made, and it was con-sequently held that the judgment did not become final till the motion was overruled either by the justice court or by operation of law. At all events the statute fixes as the period for certiorari ninety days from the date of final judgment, which in this instance undoubtedly was Feb-ruary 25, 1901, and, like the county judge, we feel bound by the statute. Rev. Stats., art. 346. See also opinion of Justice Williams in Milo v. Nuske, 95 Texas, 241. But if the petition for certiorari was filed in

time, it must yet be held to have been the fault of appellee that the remedy by appeal proved ineffectual. The attorney representing him before the justice of the peace prepared the memorandum of judgment, and if he was misled he must be treated as having misled himself. It was entirely proper for the justice of the peace, even upon this memorandum, to have entered the judgment that was entered, the memorandum reciting that he gave judgment against Carver as indorser. The entry objected to providing for execution in favor of indorser in case of payment by him was but a formal declaration of a right plainly given in articles 3815 and 3819 of our Revised Statutes, of which the attorney for appellee must be held to have had knowledge. No pleading on the part of the indorser was required as a basis for such judgment, as was expressly decided in Slaughter v. Moore, 17 Texas Civ. App., 233. See also Bergstrom v. Kiel, 67 S. W. Rep., 781. We need not and do not stop to inquire whether the inclusion of Carver, the indorser, as payee in the appeal bond was essential, since his attitude was no more adverse in the judgment as entered than it would have been under article 3815 without the formal entry directing the issuance of execution in his favor in case of payment by him. Suit by injunction in the district court can not be substituted for the remedy by appeal or certiorari given by the statute. Moody v. McRimmon, 7 Texas Civ. App., 582; Winston v. Evans, 33 S. W. Rep., 580; Sherman Steam Laundry v. Carter, 24 Texas Civ. App., 533.

The judgment is therefore reversed and the suit dismissed.

*Reversed and dismissed.*

Writ of error refused.