JEFFERSON v. SCOTT et al.

(Court of Civil Appeals of Texas. March 1, 1911.)

1. JUDGMENT (§ 656*)—ON DEMURRER—DISMISSAL—FINALITY.

A judgment sustaining a demurrer and dismissing the case is as conclusive as a judgment on the merits.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1167; Dec. Dig. § 656.*]

2. PLEADING (§ 189*)—"DEMURRER"—OFFICE.

The office of a "demurrer" is to admit the facts as alleged, but to declare them insufficient on which to predicate a cause of action or defense.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 189.*

For other definitions, see Words and Phrases, vol. 2, pp. 1982–1985.]

3. MANDAMUS (§ 28*)—SUBJECTS OF RELIEF—JUDICIAL DISCRETION.

Mandamus will not lie to an inferior court to compel performance of a duty requiring exercise of judicial discretion.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 64; Dec. Dig. § 28.*]

---

**4. MANDAMUS (§ 39*)—SUBJECTS OF RELIEF—JUDICIAL DISCRETION.**

Trial judge's determination whether a petition states a good cause of action involves judicial discretion not controllable by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 84; Dec. Dig. § 39.*]

**5. MANDAMUS (§ 53*)—SUBJECTS OF RELIEF—JUDICIAL DISCRETION.**

Mandamus does not lie to compel a trial judge to vacate a judgment of dismissal and to try an election contest on the merits.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 102–107; Dec. Dig. § 53.*]

Mandamus proceeding by A. R. Jefferson against J. C. Scott and others. Writ refused.

M. G. Cox, for relator. Henderson, Kidd & Gillis, for respondents.

RICE, J. This is an original application to this court on the part of the relator, Jefferson, for a writ of mandamus to compel the Honorable J. C. Scott, judge of the Twentieth judicial district, and one of the respondents herein, to vacate and set aside a judgment of dismissal heretofore entered by him and to proceed to trial on the merits of a certain case in the district court of Milam county, in which the relator had brought a suit against the respondent J. W. Hudson, seeking to contest said Hudson's election to the office of chairman of the Republican county executive committee of Milam county, on the ground of fraud and illegality in a primary election held in said county on July 23, 1910.

We take the following statement of the case as made by the pleadings from respondent's brief, as the same seems to be correct: There are two factions of the Republican party in Milam county; the relator belonging to one faction, and the respondent J. W. Hudson belonging to the other. Each of these factions held on July 23, 1910, its precinct conventions, and on July 30, 1910, its county conventions. One of these factions in its county convention on July 30, 1910, declared respondent J. W. Hudson elected chairman of the Milam county Republican executive committee, and on said date a certificate of such election of the said respondent was issued. The other faction declared relator elected such chairman, and a certificate issued accordingly to him. On October 6, 1910, 68 days after the issuance of the certificate of respondent Hudson's election, relator filed suit in the district court of Milam county against said respondent for title and possession of said office, predicating said suit upon fraud and illegality on the part of respondent Hudson, alleging that said Hudson had usurped said office, styling himself plaintiff, and said Hudson defendant. Thereafter, on the 27th of October, 1910, 89 days after the issuance of respondent Hudson's certificate of election, relator filed his first amended original petition, seeking to contest said election at which respondent was declared chairman, and as grounds therefor alleged fraud on the part of said Hudson. On this amended petition the case went to trial before the respondent the Honorable J. C. Scott, judge of said district court. Respondent Hudson presented a general demurrer and several special exceptions to the sufficiency of the relator's cause of action, as set forth in his said amended petition, which exceptions the court heard and sustained, whereupon the case was dismissed.

It seems to be the contention of relator, presented both in his brief and in argument on the hearing, that, notwithstanding the fact that the court sustained respondent's demurrers to his petition and dismissed the case, he is, nevertheless, entitled to a trial on the merits. We disagree with relator, for the reason that the judgment sustaining the demurrer and dismissing the case was final, just as much so as though there had been a trial upon the merits, and a finding in favor of respondent. The office of a "demurrer" is an admission of the facts as alleged, but declaring them to be insufficient upon which to predicate a cause of action or assert a defense; so that the court in passing thereon in this case, in effect, held that the facts set forth in relator's petition were insufficient to sustain his cause of action; and hence the conclusion on the part of the court that the same should be dismissed was, in effect, a finding upon the facts in favor of respondent Hudson.

A mandamus will not lie to an 'inferior court where the duty to be performed requires the exercise of judicial discretion. Here the trial court was called upon to exercise its judgment as to whether or not the petition of relator set forth a good cause of action. This involved the exercise of judicial discretion. Judge Willie, in Ewing v. Cohen, 63 Tex. 482, quoting from High on Ex. Leg. Rem. § 156, says: "Mandamus will not lie to control the exercise of the discretion of inferior courts, and, where such courts have acted judicially upon a matter properly presented to them, their decision cannot be altered or controlled by mandamus from a superior tribunal." Continuing, he says: "This principle is supported by an overwhelming weight of authority, both in England and America. If an inferior court refuses to proceed with a case, the tribunal vested with the power of issuing a mandamus to such court may compel it to action by means of this writ. The superior may set the machinery of the inferior court in motion; but it will not dictate what judgment it shall render, or direct the performance of any judicial act. The mandate commands the judge to exercise his judicial discretion, but does not direct him how it shall be done. Carpenter v. Com'rs, 21 Pick. (Mass.) 258. This rule applies as well to judgments rendered

during the course of the proceedings as to the final determination of the cause."

It appears here that the court below proceeded with the cause to final judgment. In doing so it exercised a judicial discretion, and it is not the subject of review by mandamus. It is said in 26 Cyc. 127, that "a mandamus will not be granted for the purpose of review, nor is it available as a substitute for an appeal or writ of error." In Matlock v. Smith, 96 Tex. 211, 71 S. W. 956, it is said, as shown by the syllabus, "Though a mandamus may lie to compel a judicial officer to take action upon a case, it cannot issue to require him to render judgment in a particular way, however erroneous his rulings to the contrary may be."

The object of the present suit is not merely to force the court to proceed with the trial, but to compel it to proceed in a certain way, which this court has no right to do. It would, in effect, be substituting our judgment for that of the trial court were we to undertake so to do. In Aycock v. Clark, 94 Tex. 375, 60 S. W. 666, Chief Justice Gaines, in delivering the opinion, says: "A judge may be commanded to proceed to the trial of a cause. So, also, he may be compelled to enter a judgment upon the verdict of a jury, where he refuses to enter any judgment whatever. Lloyd v. Brinck, 35 Tex. 1. But the determination of what is the proper judgment to be entered upon a verdict calls for the exercise of judicial discretion, and that discretion cannot be controlled by another court by a writ of mandamus." Continuing, he further says: "If the respondent had refused to proceed to try the plaintiff's cause, or if, after a trial and verdict, he had refused to enter judgment upon the verdict, this court would have had power, in the first case, to have commanded him to try the cause, and, in the second, to compel him to enter a judgment. In the case before us the trial judge has entered a judgment, and we are without power in this proceeding to correct that judgment, even if erroneous." See, also, State v. Morris, 36 Tex. 226, 24 S. W. 393; also, 26 Cyc. p. 158 et seq.

One of the exceptions urged and sustained by the court below to the plaintiff's petition was that the same was not filed within 10 days after the declaration of the result of said conventions. While we do not undertake to decide the point presented, because it is not necessary to a decision of this case, still we are inclined to the belief that the same is well taken. Section 141 of the Terrell Election Law (Acts 29th Leg. c. 11), as amended by the Acts of the 31st Leg. p. 452, provides for contests of primary elections or the nomination of a convention. This act confers jurisdiction to hear and determine such contests upon the executive committee of the state, district, or county, as the nature of the facts may require, or upon the district court or judge thereof. It also provides a method of appeal when a contest is heard before an executive committee to the district judge. In each case the complainant is required to file his contest within a certain time, as therein stated. Said act also provides that, in state, district, county, precinct, or municipal offices, the certificate of nomination issued by the president or chairman of the nominating convention, or chairman of the county executive committee, shall be subject to review upon allegations of fraud or illegality by the district court of the county in which the contestee resides, or the judge of said court in vacation, provided that such allegations are filed in said court within 10 days after the issuance of said certificate, and when said allegations are so filed, or the appeal from the decision of the executive committee is perfected, the judge of the district court shall set the same down for hearing, in term time or vacation, at the earliest practical time, etc.

While the act itself does not, in so many words, require that a suit contesting the election of a chairman of the county executive committee should be filed within 10 days from the issuance of certificate, yet it does provide that this must be done within said period, if the contest is for a state, district, county, precinct, or municipal office. So, by analogy at least, it would seem that the law would prescribe the same limitation for the filing of such suits as the present one, since it is the policy of the law to determine all such contests as soon as practicable after they arise.

Irrespective of whether the trial court acted correctly or not in sustaining the demurrers and dismissing relator's suit, we think it is our duty, under the law, to refuse to issue the writ of mandamus as requested, for the reasons heretofore indicated, and it is so ordered.

Mandamus refused.