ROBERTS v. KIRK, Sheriff.

No. 9639.

Court of Civil Appeals of Texas. Galveston.

Nov. 24, 1931.

Thos. H. Dent, of Galveston, for appellant.

Geo. P. Prendergast, of Galveston, for appellee.

PLEASANTS, C. J.

This is a suit for injunction to restrain appellee from levying upon property of appellant under an execution issued upon a judgment rendered in the justice court of Precinct No. 3 of Galveston county in favor of Catherine Swan and husband, Frank Swan, against Fannie King, Gus Roberts, and A. J. Mosely for $100 rent for ten acres of land owned by plaintiffs in said judgment.

The petition for injunction alleges, in substance: That appellant answered the suit in the justice court in due time, setting up a meritorious defense; that when he mailed his answer to the justice of the peace he requested the justice to notify him when the case would be called for trial; that, receiving no response to this request, attorney for appellant telegraphed the justice of the peace on November 18th inquiring when the case was set for trial, and, in answer thereto, the justice informed him that the case had been tried on November 14th; that the case was in fact tried on November 11th, in the absence of appellant and his attorney, and judgment rendered for plaintiffs; that on November 22d, appellant's attorney mailed a motion for new trial to the justice of the peace inclosed in a registered letter which requested notice of the hearing of the motion; that this motion was disposed of without notice to appellant's attorney; that on the 12th day of February, within 90 days from November 14th, he filed petition for certiorari to the county court of Galveston county, which petition, on a hearing in the county court, was dismissed because not filed within 90 days from the date of the judgment, and a writ of procedendo was issued to the justice court. In compliance with this writ, the execution sought to be enjoined was issued and placed in the hands of appellee sheriff, who was attempting to levy thereunder upon property of appellant.

A temporary injunction was granted by the judge of the court below, and the case set for trial on January 24, 1931, at which time the court sustained a general demurrer to plaintiff's (appellant's) petition, and dismissed the suit.

■ We think this judgment should be affirmed. The record shows that the petition for certiorari was not filed within the time prescribed by the statute, and its dismissal by the county court on this ground was authorized, if not required, by the statute. Every presumption must be indulged in favor of the judgment of the county court dismissing the certiorari petition. Appellant's petition in

the instant case alleges no facts sufficient to show an abuse of discretion by the county court in dismissing the petition for certiorari, and, for this reason, the general demurrer thereto was properly sustained by the court below. It is well settled that the granting of a writ of certiorari by a county court to review a judgment of a justice court is not a matter of right, but is addressed to the sound discretion of the county court, and should not be granted unless the petition therefor shows the right of appeal has not been lost by a failure of the petitioner to exercise due diligence. Kyle v. Richardson, 31 Tex. Civ. App. 101, 71 S. W. 399; McBurnett v. Lampkin, 45 Tex. Civ. App. 567, 101 S. W. 864; Railway Company v. Boyce (Tex. Civ. App.) 206 S. W. 112; Hodginson v. Pena (Tex. Civ. App.) 247 S. W. 600.

■ It is equally well settled that the remedy of injunction cannot be availed of in lieu of the remedy furnished by appeal, unless the applicant for injunction has not lost his right to appeal by any fault or lack of diligence on his part. Turner v. Patterson, 54 Tex. Civ. App. 581, 118 S. W. 565; Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Race v. Decker (Tex. Civ. App.) 214 S. W. 709.

■ The record shows that when the trial court sustained the general demurrer to appellant's petition he declined to amend. In this state of the record, the general demurrer having been, in our opinion, properly sustained, the judgment dismissing appellant's suit necessarily followed, and there is no merit in appellant's contention that the trial court erred in not hearing the evidence on the merits of the original suit.

The judgment is affirmed.

Affirmed.