## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. McWILLIAMS, County Judge.

### No. 1383.

Court of Civil Appeals of Texas. Waco.

May 25, 1933.

Rehearing Denied June 22, 1933.

Richard & A. P. Mays, of Corsicana, and Ramey, Calhoun, Marsh & Higgins, of Tyler, for appellant.

Claude L. Milbun and B. W. George, both of Corsicana, for appellee.

STANFORD, Justice.

A suit was filed in the justice court by C. C. Cherry against the St. Louis Southwestern Railway of Texas, for the sum of $95. Cherry alleged that the railway company was negligent in permitting a train at a crossing to collide with his truck in the town of Kerens, Tex. The first citation was, on March 5, 1932, quashed, and the suit dismissed. A new suit, together with new citation, was filed on March 18, 1932, and citation served requiring said railway company to appear and answer in said cause on April 2, 1932. The new citation set up the same cause of action as that set up in the dismissed case. Judgment was taken by default in the second suit on April 2, 1932, for $95. Citation in the second suit did not reach appellant's local attorneys in Navarro county prior to the date upon which default judgment was rendered in the justice court. Relator, the railway company, on April 21, 1932, filed its petition for writ of certiorari, properly verified, and that upon presentation to the county judge on April 21, 1932, it was granted and the clerk was ordered to issue necessary papers to bring said cause from the justice court to the county court. Bond in the sum of $150 was duly executed by the relator and lawfully approved and filed by the clerk of the court. Writ of certiorari was duly issued on the 21st day of April, 1932. Transcript of proceedings in the justice court and other papers in the case were filed in the county court on April 25, 1932. On June 25, 1932, the cause came on for trial in the county court, and, C. C. Cherry having filed a motion to dismiss such certiorari proceedings on May 2, 1932, the court, after examining the record, hearing evidence, and after hearing argument, sustained the motion to, and did, dismiss certiorari proceedings. Mandamus proceedings were then sued out in the district court by proper allegations of the relator and responsive allegations thereto by the respondent.

The matter was tried by the district court on August 9, 1932, without a jury, and the court entered judgment denying relator's petition for mandamus.

### Opinion.

■■ Appellee submits three propositions, which will be considered together, as follows:

"1. The judgment of a county court dismissing certiorari to the Justice Court, on motion timely filed, for want of sufficient cause shown in application therefor, is a final disposition of the case by said court, and can be revised only by a superior court having supervisory power over such court's proceedings, by means of an appeal or writ of error."

"2. Mandamus will not lie to control the exercise of the discretion of inferior courts, and where such courts have acted judicially up-

on a matter properly presented to them, their decision cannot be altered or controlled by mandamus from a superior tribunal."

"3. Neither the district court nor Court of Civil Appeals has the jurisdiction (power) to cause a writ of mandamus to issue to a county court compelling it to reverse an action it has performed, and re-instate a cause it has dismissed."

In the justice court, Cherry asked damages in the sum of $95, and alleged that the defendant and its employees were negligent in certain specified particulars, and that such negligence proximately caused the collision between the plaintiff's truck and the defendant's train. The citation was returnable March 5, 1932. The local attorneys for said railway company prepared a motion to quash the citation, and, after conference with attorneys for plaintiff, the original proceeding was dismissed on March 18, 1932, said cause was dismissed because the name of the railway company was not correct, in that the word "company" was omitted. The case was immediately refiled and the name corrected. Citation in the new cause was issued on March 18, 1932, against the railway company, and was served on its local agent, G. W. Corley, at Kerens, Tex., on the 18th day of March, 1932. The railway company, in its application for writ of certiorari, did not allege that it did not have knowledge of the suit that was filed on March 18, 1932, nor did it in such application set out any facts showing or tending to show why it did not cause an answer to be filed in said cause, or an appearance to be made in said cause on April 2, 1932, which was return day, but merely alleged that judgment was taken on the 2d day of April, 1932, without its knowledge, and that neither it nor its counsel had any notice of the judgment until more than ten days had expired from the date of the judgment.

The county court took jurisdiction upon the filing of the application for certiorari and retained same until it reached its decision, on hearing on the motion to dismiss, that the application was insufficient in the following respects, at least: That such application did not state facts showing that the injustice complained of, if any, was not caused by the inexcusable neglect of the relator. It was the duty of the appellant in its application for certiorari to state facts showing either that the justice of the peace did not have jurisdiction or that injustice was done to it by the final determination of the suit, that such injustice was not caused by its own inexcusable neglect. It was the opinion of the county judge, after examining the application for certiorari, transcript and record from the justice court, and motion, and after hearing argument of counsel, that the application was insufficient, and that the motion to dismiss should be sustained. Articles 941, 943, and 944 of Revised Statutes provide for the issuance of certiorari to the justice court, and

article 945 provides: "To constitute a sufficient cause, the facts stated must show that either the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the proceeding, and that such injustice was not caused by his own inexcusable neglect." Article 953 provides that: "At the first term of the court to which the certiorari is returnable, the adverse party may move to dismiss the certiorari for want of sufficient cause appearing in the affidavit, or for want of sufficient bond."

The county judge, in passing on this application for certiorari, had before him to consider and was required to consider matters that were required to be determined by his judicial discretion. See the following: McBurnett v. Lampkin, 45 Tex. Civ. App. 567; 101 S. W. 864, 865; Hodginson v. Pena (Tex. Civ. App.) 247 S. W. 600; Chicago, R. I. & G. Ry. Co. v. Boyce (Tex. Civ. App.) 206 S. W. 112; Arberry v. Beavers, 6 Tex. 457, 55 Am. Dec. 791; Commissioner of General Land Office v. Smith, 5 Tex. 471; In re Newman, 14 Wall. 152, 20 L. Ed. 877.

In the first case above cited, McBurnett v. Lampkin, the court holds: "Certiorari to review a justice court judgment is not granted as a matter of right; the application being addressed to the discretionary powers of the court. In considering a motion to dismiss certiorari to review a Justice judgment, the court should look to the petition as well as the transcript to determine the merits of the motion. Certiorari will not lie to review a justice judgment to permit a party to avail himself of the defense which he could have urged in the justice court, and which he neglected to do."

In the second case above cited, Hodginson v. Pena, the court said: In order for a certiorari to be sufficient, it must show the following facts: "That the applicant has exercised due diligence and lost his right of appeal through no neglect on his part; and, second, that he has a good defense against his adversary which entitles him to recover. Here neither element was shown in the application. No diligence whatever was shown by appellant, and no facts whatever were set up to show his defenses, if any he had."

In the third case above cited, Chicago, R. I. & G. Ry. Co. v. Boyce, the court stated:

"An application for certiorari to review a justice court judgment is addressed to the court's discretion, and not to be granted as a matter of right.

"A petition for certiorari to the justice court should state sufficient facts to show that another trial would probably result in a different judgment, so that mere general averments of no liability are insufficient.

"A petition for certiorari to review a justice court default judgment showing an alleged excuse for absence from the trial, but

setting up no sufficient excuse for failure to appear or answer, is insufficient."

It was the contention of relator herein that the district court should determine that the application for certiorari was sufficient under the provisions of article 945, and then, after it had so determined, direct or compel the county judge to hold that such application was sufficient. The application, in the opinion of the county judge, was insufficient. The district court in this proceeding could not direct or compel the county judge to find such application sufficient without controlling the judicial discretion of said county judge. The county court in passing on the matters presented would have been required to exercise judicial discretion and that such discretion cannot be controlled in such matters by either the district court or any other court. It is to be noted that there is no testimony in the record showing or tending to show that the county judge acted other than in the best of faith and exercised his best judgment in the matters presented to him, and the same is true of the district judge. In the present case it was contended that application for certiorari was defective, and the court reached such conclusion after examining same and hearing argument thereon. The county court actually exercised its judgment in the matter. It did not refuse to exercise its discretion or judgment. Roberts v. Kirk (Tex. Civ. App.) 43 S.W.(2d) 966; Kyle v. Richardson, 31 Tex. Civ. App. 101, 71 S. W. 399. Both of them state that its purpose was to require the county judge to set aside the order dismissing the certiorari proceedings, and to reinstate the case and to hear it upon its merits. State ex rel. John v. Morris, 86 Tex. 226, 24 S. W. 393, 394; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665, 666; Ewing v. Cohen, 63 Tex. 482.

■ In the case of State ex rel. John v. Morris, supra, the court stated: "Mandamus will not lie to control the exercise of the discretion of inferior courts, and, where such courts have acted judicially upon a matter properly presented to them, their decisions cannot be altered or controlled by mandamus from a superior court." This rule is amply supported by a large number of cases, of which we cite the following: Little v. Morris, 10 Tex. 263; Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 2 Am. St. Rep. 505. "Mr. High says in his work that there are but few states which hold a different doctrine, and these only as to matters in which no appeal is given by law, and no other remedy is provided."

In Aycock v. Clark, supra, the court stated: "A judge may be commanded to proceed to the trial of a case. So, also, he may be compelled to enter a judgment upon the verdict of a jury, where he has refused to enter any judgment whatever. Lloyd v. Brinck, 35 Tex. 1. But the determination of what is the proper judgment to be entered upon a verdict calls for the exercise of judicial discretion, and that discretion cannot be controlled by another court by a writ of mandamus. In the second place, it is elementary law that a mandamus is never awarded where the law has provided another plain, adequate, and complete remedy. Ewing v. Cohen, 63 Tex. 482; Little v. Morris, 10 Tex. 263; Association v. Benson, 76 Tex. 552, 13 S. W. 379."

We think further the record shows that service was properly had on the railway company in the second case by service on its agent at Kerens in said second suit.

■ The record shows that attorneys, Mays & Mays, are attorneys for appellant, railway company, at Corsicana; that said attorneys represent said railway company in all suits in the county court and justice court in Navarro county; that Ramey, Calhoun, Marsh & Higgins, residing at Tyler, were district attorneys for said railway company. It seems it was the custom in all suits filed in Navarro county, in the county or justice court, for the citation to be sent to said district attorneys. The first suit was filed March 5th, and copy of said citation was sent to the district attorneys. The first citation in this case was quashed under the instructions of the district attorneys. Said suit was filed again and citation served on the railway company, and another sent to the offices of said district attorneys, but said district attorneys failed to notify the local attorneys in Corsicana that said second suit had been filed again and judgment was entered by default. As we view the matter, the default judgment was probably the result of inattention to said second suit by appellant's district attorneys. When plaintiff procured the second citation to be issued and served on the agent of the railway company, there was nothing further required of plaintiff to be done. No duty rested upon the officer or upon plaintiff to see that the citation or copy was delivered to the district attorneys at Tyler.

Both the county judge and the district judge were correct in denying the application for writ of mandamus, and said judgments are hereby in all things affirmed.