**Carlton HENSLEE, Appellant,**

v.

**The FIRST NATIONAL BANK OF WHITE-WRIGHT, Whitewright, Texas, O. M. Kissinger, D/B/A Kissinger Chevrolet Company, Appellees.**

**No. 15445.**

Court of Civil Appeals of Texas.

Dallas.

June 20, 1958.

Billie Pemberton, O. S. Moore and Don Hayter, Greenville, for appellant.

Cunningham, Cole & Southerland and G. C. Butler, Bonham, for appellees.

DIXON, Chief Justice.

The First National Bank of Whitewright, Texas, appellee, obtained summary judgment for debt and foreclosure for $3,416.65, which includes attorneys' fees, on a promissory note against the maker, Carlton Henslee, and the endorser, O. M. Kissinger, doing business as Kissinger Chevrolet Company. The note, originally in the principal amount of $3,816 was secured by a chattel mortgage against four motor vehicles. Judgment was also rendered for O. M. Kissinger over against Henslee for any part of the judgment which Kissinger, the endorser, might have to pay.

Only the defendant Henslee has appealed.

Appellant Henslee filed only a general denial in answer to plaintiff's petition. Appellee Bank thereafter filed a motion in which it prayed (1) for a summary judgment and (2) in the alternative, that if a trial were necessary to render judgment for the Bank after hearing evidence.

At the hearing appellant Henslee appeared and testified in his own behalf, without representation by counsel, his attorney having previously withdrawn from the case. Kissinger was present by attorney, but not in person. He had filed an amended answer to the Bank's petition in which answer he alleged that his endorsement of the note was conditioned that he

should not be liable on his endorsement until the property described in the mortgage should be turned over to him. In a controverting affidavit he further denied that demand for payment had ever been made on him.

The judgment recites that "the Court, having considered the pleadings on file, together with the affidavits, having heard the testimony of the defendant, Carlton Henslee, in open Court, having interrogated counsel, and having heard the argument of counsel, finds that there is no genuine issue of any material fact." Appellant employed his present attorneys to prepare his brief. In three points on appeal appellant alleges that the Court erred (1) in allowing appellee Kissinger to file a trial amendment enabling appellee Kissinger to have judgment over against appellant; (2) in granting summary judgment because a genuine material fact issue was raised by the controverting affidavit of Kissinger as to whether the Bank was a holder in due course; and (3) in rendering judgment for Kissinger over against Henslee when there was no pleading by Kissinger to support such judgment.

Appellant's points are not well taken. He filed no pleadings, except an unverified general denial, filed no counter-affidavit, sought no delay on the grounds that affidavits were not available at the time of hearing, or because of the filing by Kissinger of a trial amendment (the record contains no showing that the Court permitted a trial amendment to be filed, or that one was filed); and filed no statement of facts in this court.

■■ In view of the recitations in the court's judgment and in the absence of a statement of facts we are bound to assume that the testimony of appellant did not present any material fact dispute. Maxwell v. Maxwell, Tex.Civ.App., 292 S.W.2d 368. Under the record before us it was the duty of the trial court to grant the Bank's motion for summary judgment. Rules 93(i), 166–A. Texas Rules of Civil Procedure; Estes v. Oilfield Salvage Co., Inc., Tex.Civ.App., 284 S.W.2d 201; Aydelotte v. Anderson, Tex.Civ.App., 280 S.W. 2d 945; Holland v. Lansdowne-Moody Company, Inc., Tex.Civ.App., 269 S.W.2d 478.

■■ In our opinion appellant could not avail himself of the defense which Kissinger sought to make in his own behalf, even if that defense had raised a fact issue between the Bank and Kissinger. Anyway it is obvious Kissinger's purported defense was without merit and failed to raise a fact issue. The promissory note which is the basis of the suit, contains this provision: "Each of the makers hereof and endorsers hereon hereby guarantee the payment of this note at its maturity or any time thereafter and hereby waive diligence, demand, notice of non-payment and protest on this note". We agree with the appellee Bank that had Kissinger been present and offered to testify in support of his controverting affidavit that his endorsement was conditional, his testimony would have been inadmissible on the ground that it would be an attempt to vary a written instrument by parol evidence. Blucher v. Eubank, Tex.Com.App., 5 S.W. 2d 972; Waxahachie National Bank v. Forreston Gin Co., Tex.Com.App., 46 S.W. 2d 666. Since Kissinger's claim of a conditional endorsement and the oral testimony he might have offered in support of it could not have set up a valid defense, it was proper for the court to render judgment against Kissinger. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (Syl. 5).

■ If the Court permitted Kissinger to file a trial amendment allowing Kissinger to plead for judgment over against appellant, we do not consider the Court's action reversible error under the circumstances. Rule 66, T.R.C.P. permits the filing of trial amendments within the court's discretion when the merits of the controversy will be subserved thereby and the complaining party fails to show that the amendment would be unduly preju-,

dicial to him. Here appellant did not plead surprise, or ask for a postponement of the trial because of the trial amendment. See McDonald Texas Civil Practice, Vol. 2, pp. 736–737.

■■■ But even if Kissinger did not file a trial amendment (the record does not show that one was filed), the judgment in favor of Kissinger over against appellant was not reversible error. The relationship between appellant as maker of the note, and Kissinger as endorser, who waived notice and demand, was that of principal and surety. 39 Tex.Jur. 895; Arts. 6244–6251, 6252, Vernon's Annotated Civil Statutes. A surety is entitled to judgment over against the principal for money paid for the principal's benefit where both are sued as defendants, though the surety filed no pleadings asking for judgment over. Art. 6248, V.A.C.S.; Slaughter v. Moore, 17 Tex.Civ.App. 233, 42 S.W. 372; Kyle v. Richardson, 31 Tex. Civ.App. 101, 71 S.W. 399.

Appellant's three points on appeal are overruled. The judgment of the trial court is affirmed.